UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARI J. MOODY,<br><br>                          Plaintiff,<br><br>-against-<br><br>PHILIP BOUDEWYNS; TIANA P. GARNER; JENNIFER W. MONOGHAN; MATTHEW EASON; BARBARA OBERMEYER; DOES 1-10,<br><br>                          Defendants. | 26-CV-0222 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff filed this action *pro se*. By order dated January 13, 2026, the Court transferred this action to the United States District Court for the Northern District of Georgia. (ECF 7.) To facilitate speedy resolution of Plaintiff's request for emergency injunctive relief, the Court waived the seven-day waiting period under Local Civil Rule 83.1. Since January 21, 2026, Plaintiff has filed in this court a "Motion for Clarification and Interim Relief Regarding Emergency Transfer Procedures" (ECF 8); a "Motion of Record Correction Regarding Transfer Timeline and Case Termination" (ECF 9); a "Supervisory Notice of Procedural Defect in emergency Transfer Handling" (ECF 10); and two Petition for a Writ of Mandamus captioned for the United States Court of Appeals for the Second Circuit (ECF 12, 13).

        The Court liberally construes Plaintiff's submission at ECF 8, 9, and 10 as a motion for reconsideration under Local Civil Rule 6.3 and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b).[1] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

---

[1] Because Plaintiff's petitions for a writ of mandamus are not captioned for this court, and do not request any relief that this court can provide, the Court does not construe them as part of this motion.

2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him[.]" (citations omitted)). The Court denies the motion.

## DISCUSSION

The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction only in limited situations, such as where the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995), or where "the question . . . is whether the district court had power to order the transfer," *Farrell v. Wyatt*, 408 F.2d 662, 664-65 (2d Cir. 1969);[2] *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect" ).

Here, the transferee court acknowledged receipt of this transferred action on January 20, 2026, and Plaintiff's motion to seal was filed on January 21, 2026. Thus, this Court does not have jurisdiction to consider the motion.[3]

---

[2] Moreover, "[e]ven where the issue is lack of power, those attacking a transfer order should move swiftly for interim relief." *In re Robinson*, 198 F. App'x 71, 72 (2d Cir. 2006).

[3] The Court notes that, in his submissions, Plaintiff states that he does not seek to vacate

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration (ECF 8, 9, 10) because the Court lacks jurisdiction to consider it.

This action remains closed in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  February 2, 2026
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

the transfer order, he does not contest the Court's venue determination, and he does not seek adjudication of the merits of his claims (ECF 8, at 4.) Plaintiff instead seeks "clarification" of the Court's transfer order, "curative interim relief," preservation of the record. (*Id.* at 3.)